IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAHTO TRIBE OF THE LAYTONVILLE RANCHERIA, | 2:10-cv-01306-GEB-GGH |
| Plaintiff, | |
| v. | ORDER DENYING MOTION TO INTERVENE |
| DALE RISLING, Acting Regional Director for the Pacific Region, Bureau of Indian Affairs, United States Department of the Interior; KEN SALAZAR, Secretary, United States Department of the Interior; LARRY ECHOHAWK, Assistant Secretary- Indian Affairs, United States Department of the Interior, | |
| Defendants, | |
| GENE WILLIAM SLOAN, BERT U. SLOAN, MELODY SLOAN, JOHN OMAR SLOAN (aka Sidney Poe), TASHEENA SLOAN, ALLEN SLOAN, RACHEL SLOAN, LINDA PALOMARES, GODFREY SLOAN, JEFF SLOAN, TONYA SLOAN RODRIGUEZ, TAMMY SLOAN, ARTURO GONZALEZ, ARICA LOPEZ-SLOAN, MARK BRITTON, Jr., JOSE OCHOA, JENNIFER SLOAN, | |
| Intervenor- Applicants. | |

1

The Intervenor-Applicants ("Movants") move to intervene in this action under Federal Rule of Civil Procedure ("Rule") 24(a)(2) and 24(b), arguing "they have an interest in the subject matter of this case, and otherwise qualify as intervenors . . . ." (Mem. of P.&A. in Supp. of Mot. to Intervene ("Mot.") 2:21-3:1.) Plaintiff Cahto Tribe of the Laytonville Rancheria ("Plaintiff") opposes the motion, arguing *inter alia,* Movants seek "to raise . . . issues that were not addressed in the agency decision under review," and Movants' interest "is adequately represented by the federal Defendants in the case." (Pl.'s Opp'n 13:1-3.)

## I. BACKGROUND

This is an action in which judicial review is sought under the Administrative Procedures Act ("APA") of a March 26, 2009 decision issued by the Regional Director of the Pacific Region, Bureau of Indian Affairs ("BIA"), which directed Plaintiff to re-enroll individuals who had been removed from its roll in the 1990's. (Compl. ¶ 1.)

Movants are 17 members of the Sloan family. (Mot. 2:2-4.) Ten of the Movants "are among the [family members] who were purportedly 'disenrolled' from the Tribe . . . ." Id. at 2:4-8. "The other seven movants are adult children of the purportedly disenrolled tribal members. . . ." Id. at 2:8-11.

## II. DISCUSSION

A party may intervene as a matter of right under Rule 24(a)(2) when 1) they timely move to intervene; 2) the movant has "a significantly protectable interest relating to the property or transaction that is the subject of the action;" (3) the movant is "situated such that the disposition of the action may impair or impede [his or her] ability to protect that interest;" and (4) the movant's

interest is not "adequately represented by existing parties." <u>Arakaki v.</u>
<u>Cayetano</u>, 324 F.3d 1078, 1083 (9th Cir. 2003). The movant must satisfy
each of these four elements to intervene as a matter of right. <u>Id.</u>; <u>see</u>
<u>also</u> <u>Prete v. Bradbury</u>, 438 F.3d 949, 954  (9th Cir. 2006).

Rule 24(a) is liberally construed in favor of intervention.
<u>Prete v. Bradbury</u>, 438 F.3d at 954. "Courts are to take all
well-pleaded, nonconclusory allegations in the motion to intervene, the
proposed complaint or answer in intervention, and declarations
supporting the motion as true absent sham, frivolity or other
objections." <u>Southwest Center for Biological Diversity v. Berg</u>, 268 F.3d
810, 820 (9th Cir. 2001).

Movants argue the existing defendants may not adequately
represent their interests because "[they] sought for almost ten years to
persuade the BIA to address their enrollment appeal." (Mot. 6:12-13.)
Movants further argue "it is far from clear that the agency will
adequately represent" them since "the BIA has been contracting with
persons claiming to be Cahto tribal officers notwithstanding that those
officers' elections were a product of the unlawful disenfranchisement of
the Sloan Family members." <u>Id.</u> at 6:18-21.

Plaintiff counters, Movants' "interest in defending [the BIA
decision] is adequately represented by the federal Defendants in this
case" since they "share the same ultimate objective of defending [the
Decision]." (Pl.'s Opp'n to Mot. to Intervene ("Opp'n") 13:1-3, 14:1-3.)
Plaintiff also rejoins, although Movants assert the BIA was slow to
address their appeal, "they do not, and cannot, establish that the
federal Defendants do not *presently* intend to defend the Regional
Director's March 26, 2009 Decision." <u>Id.</u> at 14:15-23.

1    Movants also argue in their reply brief that Defendants do not
2    adequately represent their interests because it is unclear whether they
3    will challenge the court's subject matter jurisdiction under 28 U.S.C.
4    § 1362. (Movants' Reply ("Reply") 10:3-5.) This argument is waived since
5    it was not made in the moving papers. See United States v. Anderson,
6    472 F.3d 662, 668 (9th Cir. 2006) ("Issues raised for the first time in
7    an appellant's reply brief are generally deemed waived."); Zamani v.
8    Carnes, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not
9    consider arguments raised for the first time in a reply brief.")

10    A number of factors are considered in determining the adequacy
11    of representation, including: "[1] whether a present party will
12    undoubtedly make all of the intervenor's arguments, [2] whether a
13    present party is capable of and willing to make such arguments, and [3]
14    whether the intervenor offers a necessary element to the proceedings
15    that would be neglected." Prete v. Bradbury, 438 F.3d at 956. "The most
16    important factor in determining the adequacy of representation is how
17    the interest compares with the interests of existing parties." Arakaki
18    v. Cayetano, 324 F.3d at 1086.

19    A movant's burden of proof in establishing the inadequacy of
20    representation "is minimal, and [is] satisfied if [the movant]
21    demonstrate[s] that representation of their interests may be
22    inadequate." Id. (quotation omitted). However, when a movant and an
23    existing party "have the same ultimate objective, a presumption of
24    adequacy of representation arises . . . ." Prete, 438 F.3d at 956. A
25    further "assumption of adequacy" arises when the existing party with
26    whom the movant shares the same ultimate interest is a government
27    entity, who is acting behalf of a constituency that the movant
28    represents. Arakaki, 324 F.3d at 1086. Under such circumstances, "it

4

will be presumed that a state adequately represents its citizens" absent "a very compelling showing to the contrary." Id.

Movants have not made the required "very compelling showing" that the government defendants will not adequately represent them in this case. Movants admit that they share the same ultimate objective with the BIA defendants, i.e. defending the Regional Director's March 26, 2009 Decision. (Reply 2:7-8.) Further, since this is an action under the APA, judicial review is limited to the administrative record, and "the only potential for [inadequate representation] is the risk that the [government defendants] will not vigorously defend [themselves] against Plaintiff's APA claim." Seminole Nation of Oklahoma v. Norton, 206 F.R.D. 1, 10 (D.D.C. 2001); see also Friends of the Clearwater v. Dombeck, 222 F.3d 552, 560 (9th Cir. 2000) (judicial review under the APA is normally "limited to the administrative record in existence at the time of the agency's decision"). Here, Defendants filed an Answer and participated in the preparation of a Joint Status Report. Thus, there is no indication that they do not intend to defend their March 26, 2009 Decision.

For the stated reasons, Movants are not entitled to intervene as a matter of right. Therefore, the remaining intervention factors need not be addressed. See Perry v. Proposition 8 Official Proponents, 587 F.3d 947, 950 (9th Cir. 2009) (declining to address the remaining Rule 24(a)(2) factors when the movants failed to show a lack of adequate representation by the existing parties). Further, for the same reasons, Movant's alternative motion for permissive intervention is also denied. See Perry v. Proposition 8 Official Proponents, 587 F.3d at 955 (holding district court properly exercised its discretion in denying permissive

intervention where the movants were adequately represented by existing parties).

### III. CONCLUSION

Therefore, Movants' Motion to Intervene is DENIED.

Dated:  November 10, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge